MORIS DAVIDOVITZ (SBN #70581)
CHARLES H BOLCOM (SBN #193762)
Cooper & Scully, P.C.
423 Washington St., Suite #400
San Francisco, CA. 94111
Telephone (415) 956-9700
E-mail: Charles.Bolcom@cooperscully.com

Julier M. Koenig (TX Bar No. 14217300)
*Application for Admission Pro Hac Vice Pending*
Cooper & Scully, P.C.
815 Walker, Suite 1040
Houston, Texas 77002
Telephone: (713)236-6925
E-mail: Julie.Koenig@cooperscully.com

Attorneys for World's Children

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., et al.<br><br>Debtors, | Case No. 20-30604<br>**(JOINTLY ADMINISTERED)**<br><br>**CHAPTER 11** |
| MICHAEL GOLDBERG, TRUSTEE OF THE PFI TRUST,<br><br>Plaintiff<br><br>Vs.<br><br>WORLD'S CHILDREN,<br><br>Defendant | **ADVERSARY NO. 22-03095**<br><br>**ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS** |

Defendant World's Children ("Defendant") files this Answer to Complaint for Avoidance and Recovery of Fraudulent Transfers and in support thereof would show this Court as follows:

## Preliminary Statement

1. Defendant is not required to admit or deny the allegations set forth in paragraph 1 of the Complaint for Avoidance and Recovery of Fraudulent Transfers (the "Complaint") as it merely contains a recitation of the basis for the Complaint. However, for purposes of this Answer, Defendant denies same.

2. Defendant admits that it is an Oregon non-profit corporation as alleged in paragraph 2 of the Complaint. Defendant denies all remaining allegations therein.

3. Defendant admits the allegations set forth in paragraph 3 of the Complaint.

4. Defendant admits that paragraph 4 of the Complaint sets forth the legal authority for Plaintiff to file the Complaint but denies that it applies to Defendant.

Jurisdiction and Venue

5. Defendant does not need to admit or deny this paragraph 5 as it describes the procedural basis for bringing the complaint.

6. To the extent the allegations in paragraph 6 consist of legal argument and/or legal conclusions, no answer is required. To the extent any further answer is required, Defendant lacks sufficient information to admit or deny any other allegations in this paragraph.

7. To the extent the allegations in paragraph 6 consist of legal argument and/or legal conclusions, no answer is required. To the extent any further answer is required, Defendant lacks sufficient information to admit or deny any other allegations in this paragraph.

8. To the extent the allegations in paragraph 8 consist of legal argument and/or legal conclusions, no answer is required. To the extent any further answer is required, Defendant lacks sufficient information to admit or deny any other allegations in this paragraph.

9. Defendant is not required to admit or deny the allegations set forth in paragraph 9 of the Complaint for the reason that it merely sets forth Plaintiff's consent to the entry of final order or judgment by this Court.

10. To the extent the allegations in paragraph 10 consist of legal argument and/or legal conclusions, no answer is required. To the extent any further answer is required, Defendant lacks sufficient information to admit or deny any other allegations in this paragraph.

11. To the extent the allegations in paragraph 11 consist of legal argument and/or legal conclusions, no answer is required. To the extent any further answer is required, Defendant lacks sufficient information to admit or deny any other allegations in this paragraph.

Parties

12. Defendant admits the allegations set forth in paragraph 12 of the Complaint.

13. Defendant lacks sufficient information to admit or deny the allegations in paragraph 13 and on that basis the allegations are denied.

14. Defendant lacks sufficient information to admit or deny the allegations in paragraph 14 and on that basis the allegations are denied.

15. Defendant lacks sufficient information to admit or deny the allegations in paragraph 15 and on that basis the allegations are denied.

16. Defendant lacks sufficient information to admit or deny the allegations in paragraph 16 and on that basis the allegations are denied.

17. Defendant lacks sufficient information to admit or deny the allegations in paragraph 17 and on that basis the allegations are denied.

18. Defendant lacks sufficient information to admit or deny the allegations in paragraph 18and on that basis the allegations are denied.

19. Defendant is not required to admit or deny the allegations set forth in paragraph 19 of the Complaint for the reason that it merely states the relief sought by the Plaintiff.

20. Defendant is not required to admit or deny the allegations set forth in paragraph 20 of the Complaint for the reason that it merely states the relief sought by the Plaintiff.

**Factual Background**

21. Defendant is not required to admit or deny the allegations set forth in paragraph 20 of the Complaint for the reason that it recites a stipulation between the Official Committee of Unsecured Creditors (the "OCUC") and the Debtors as approved by this Court. However, for purposes of this response, denies same.

22. Defendant lacks sufficient information on which to admit or deny the allegations set forth in paragraph 22 of the Complaint and on that basis denies the allegations.

23. Defendant lacks sufficient information on which to admit or deny the allegations set forth in paragraph 23 of the Complaint and on that basis denies the allegations.

24. Defendant lacks sufficient information on which to admit or deny the allegations set forth in paragraph 24 of the Complaint and on that basis denies the allegations.

25. Defendant lacks sufficient information on which to admit or deny the allegations set forth in paragraph 25 of the Complaint and on that basis denies the allegations.

26. Defendant lacks sufficient information on which to admit or deny the allegations set forth in paragraph 26 of the Complaint and on that basis denies the allegations.

27. Defendant lacks sufficient information on which to admit or deny the allegations set forth in paragraph 27 of the Complaint and on that basis denies the allegations.

28. Defendant lacks sufficient information on which to admit or deny the allegations set forth in paragraph 28 of the Complaint and on that basis denies the allegations.

29. Defendant lacks sufficient information on which to admit or deny the allegations set forth in paragraph 29 of the Complaint and on that basis denies the allegations.

30. Defendant lacks sufficient information on which to admit or deny the allegations set forth in paragraph 30 of the Complaint and on that basis denies the allegations

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant is not required to admit or deny the allegations set forth in paragraph 32 of the Complaint for the reason that it merely sets forth powers granted to the Trustee under the Plan.

33. Defendant lacks sufficient information on which to admit or deny the allegations set forth in paragraph 33 of the Complaint and on that basis denies the allegations.

34. Defendant is not required to admit or deny the allegations set forth in paragraph 34 of the Complaint for the reason that it merely sets forth Plaintiffs position with regards to the assertion of additional claims. However, for purposes of this Answer, Defendant denies that any additional claims may be asserted as the deadline for such assertions has passed. Therefore, Plaintiffs are without legal authority to assert any additional claims against Defendant.

## Count One

**(Avoidance and Recovery of Actual Fraudulent Transfers
Pursuant to 11 U.S.C. §§548(a)(1)(A) and 550(a))**

35. Defendant incorporates the answers to paragraphs 1–34, supra, as if fully set forth herein.

36. To the extent the allegations in paragraph 36 consist of legal argument and/or legal conclusions, no answer is required. Defendant lacks sufficient information to admit or deny the remaining allegations and on that basis denies the allegations.

37. Defendant admits the allegations set forth in paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant lacks sufficient information to admit or deny the remaining allegations and on that basis denies the allegations.

41. Defendant denies the allegations set forth in paragraph 41 of the Complaint.

## Count Two

**(Avoidance and Recovery of Constructive Fraudulent Transfers
Pursuant to 11 U.S.C. §§548(a)(1)(B) and 550 (a))**

42. Defendant incorporates the answers to paragraphs 1 – 41, supra, as if fully set forth herein.

43. To the extent the allegations in paragraph 43 consist of legal argument and/or legal conclusions, no answer is required. Defendant lacks sufficient information to admit or deny the remaining allegations and on that basis denies the allegations.

44. Defendant admits the allegations set forth in the first sentence of paragraph 44 of the Complaint. Defendant denies all remaining allegations.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 47 and on that basis denies the allegations.

48. Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in paragraph 49 of the Complaint.

### Third Claim for Relief – State Law Claim
### (For Avoidance and recovery of Actual Fraudulent Transfers Pursuant to California Civil Code 3439.04 (a)(1) and 3439.07(a)(1) and Bankruptcy Code Sections 544(a), 550(a) and 551)

50. Defendant incorporates the answers to paragraphs 1 – 49, supra, as if fully set forth herein.

51. To the extent the allegations in paragraph 51 consist of legal argument and/or legal conclusions, no answer is required. Defendant lacks sufficient information to admit or deny the remaining allegations and on that basis denies the allegations.

52. Defendant lacks sufficient information to admit or deny the allegations in paragraph 52 and on that basis denies the allegations.

53. Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in paragraph 54 of the Complaint.

55. Defendant lacks sufficient information to admit or deny the allegations in paragraph 55 and on that basis denies the allegations.

56. Defendant denies the allegations set forth in paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in paragraph 57 of the Complaint.

58. Defendant lacks sufficient information to admit or deny the allegations in paragraph 58 and on that basis denies the allegations.

### Fourth Claim for Relief – State Law Claim
### (For Avoidance and recovery of Constructive Fraudulent Transfers Pursuant to California Civil Code §§343904(a)(2) and 3439.07(a)(1))

59. Defendant incorporates the answer to paragraphs 1 – 58, supra, as if fully set forth herein.

60. Defendant denies the allegations set forth in paragraph 60 of the Complaint for the reason that the "applicable statute of limitations" is not defined therein.

61. Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in paragraph 65 of the Complaint.

### Defenses and Affirmative Defenses

66. Defendant incorporates the answers to paragraphs 1 – 65, supra, as if fully set forth herein.

67. Defendant is a charitable organization organized in the State of Oregon. It is recognized as a qualified charitable entity under Section 501(c)(3) of the Internal Revenue Service Code and a qualified charitable organization under Section 548(a)(2) of title 11 of the United States Code. As a charitable organization, Defendant assists children, primarily female children, in Africa and India.

68. All transfers to Defendant by Debtors were made for a particular charitable purpose as determined by Debtors. Defendant therefore received the transfers in good faith and for a reasonably equivalent value from Plaintiffs such as to bar recovery pursuant to 11 U.S.C. §548(a)(1)(A) and/or California Civil Code §§3439.04(a)(1) & (2) and 3439.07(a)(1).

69. Pursuant to 11 U.S.C. §548(a)(2), the transfer of funds by the Debtors to Defendant were charitable contributions and as such are not considered to be transfers in which the Debtors received less than a reasonably equivalent value. 11 U.S.C. §548(a)(2) states:

> (2) "A transfer of a charitable contribution to a qualified religious or charitable entity or organization shall not be considered to be a transfer covered under paragraph (1)(B) in any case in which –
>
> (A) The amount of that contribution does not exceed 15 percent of the gross annual income of the debtor for the year in which the transfer of the contribution is made; or
>
> (B) The contribution made by a debtor exceeded the percentage amount of gross annual income specified in subparagraph (a), if the transfer was consistent with the practices of the debtor in making charitable contributions. 11 U.S.C. §548(a)(2).

Page 7 – World's Children's Answer to Complaint    Case No. 20-30604 Adversary No. 22-03095

Case: 22-03095    Doc# 5    Filed: 09/27/22    Entered: 09/27/22 12:36:40    Page 7 of 9

70. As the amount of each annual contribution was less than 15% of the Debtors gross annual income for the year in question, Defendant is not liable to Plaintiff for the transfers through and including the years 2013 and 2020, pursuant to 11 U.S.C. §548(a)(1)(B).

71. Defendant would submit that to the extent the transfers were "earmarked" by Debtors to be used by Defendant for a particular charitable purpose, Defendant was merely a conduit for the transfers and received little or no benefit from the transfers.

72. As a separate affirmative defense Defendant would assert that Plaintiffs claims are barred by the applicable statute of limitations.

73. As a separate affirmative defense, Defendant would assert that Plaintiffs' claims are barred as Defendant acted in good faith and without fraudulent intent.

74. As a separate affirmative defense, Defendant would assert that Plaintiffs were solvent on the date most, if not all, of the transfers occurred.

75. As a separate defense, Defendant would assert that the Defendant never acquired rights in the asset allegedly transferred such that a transfer was never made by Debtors under California Civil Code Section 3439.06(d).

### Prayer for Relief

WHEREFORE, World's Children, Defendant herein, prays that this Court deny the relief sought by Plaintiffs in the Complaint, enter a take-nothing judgment in favor of Defendants, and for such other and further relief, at law and in equity, as this Court deems just.

Respectfully submitted this 29th day of September, 2022.

DATED: September 27, 2022

COOPER & SCULLY, P.C.

By: /s/ Charles Bolcom
CHARLES BOLCOM
MORIS DAVIDOVITZ
JULIE M. KOENIG
**ATTORNEYS FOR WORLD'S CHILDREN**

# Certificate of Service

I, Charles Bolcom the undersigned, hereby declare:

I am the attorney for World's Children, Defendant in the above-captioned Adversary Proceeding No. 22-03095, with offices at Cooper & Scully, PC, 423 Washington St., Suite 400, San Francisco, CA 94111.

On September 27, 2022, I caused to be served the following documents in the manner stated below:

Defendant World's Children's.

| | |
|---|---|
| ☒ | TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): The foregoing document was served by the court via NEF and hyperlink to the document. On **September 29, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below.<br><br>John D. Fiero on behalf of Plaintiff Michael Goldberg<br>jfiero@pszjlaw.com, ocarpio@pszjlaw.com |
| ☐ | (BY OVERNIGHT DELIVERY) By sending by FedEx and/or USPS Express Mail to the addressee(s) as indicated on the attached list. |
| ☐ | (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| | (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 27, 2022 at San Francisco, California.

/s/ *Charles Bolcom*