Moris Davidovitz (SBN# 70581)
Charles H. Bolcom (SBN# 193762)
Cooper & Scully, PC
423 Washington St., Suite 400
San Francisco, CA 94111
Telephone: 415/956-9700
E-mail: Charles.Bolcom@cooperscully.com

Julie M. Koenig (TX Bar No. 14217300)
*Appearing Pro Hac Vice*
Cooper & Scully, PC
815 Walker, Suite 1040
Houston, Texas 77002
Telephone: 713/236-6925
E-mail: Julie.Koenig@cooperscully.com

Attorneys for World's Children

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| IN RE: § | | CASE NO. 20-30604 |
| § | | (Jointly Administered) |
| PROFESSIONAL FINANCIAL § | | |
| INVESTORS, INC., et al. § | | CHAPTER 11 |
|     Debtors § | | |

| | | |
|---|---|---|
| MICHAEL GOLDGERG, § | | |
| TRUSTEE OF THE PFI TRUST § | | ADVERSARY NO. 22-03095 |
|     Plaintiff § | | |
| § | | |
| VS. § | | AMENDED ANSWER TO |
| § | | COMPLAINT FOR AVOIDANCE |
| WORLD'S CHILDREN § | | AND RECOVERY OF |
|     Defendant § | | FRAUDULENT TRANSFERS |

Defendant World's Children ("Defendant") files this Amended Answer to Complaint for Avoidance and Recovery of Fraudulent Transfers and in support thereof would show this Court as follows:

**Preliminary Statement**

1. Defendant is not required to admit or deny the allegations set forth in paragraph 1 of the Complaint for Avoidance and Recovery of Fraudulent Transfers (the "Complaint") as it merely contains a recitation of the basis for the Complaint. However, for purposes of this Answer, Defendant denies same.

2. Defendant admits that it is an Oregon non-profit corporation as alleged in paragraph 2 of the Complaint. Defendant denies all remaining allegations therein.

3. Defendant admits the allegations set forth in paragraph 3 of the Complaint.

4. Defendant admits that paragraph 4 of the Complaint sets forth the legal authority for Plaintiff to file the Complaint but denies that it applies to Defendant.

**Jurisdiction and Venue**

5. Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint.

9. Defendant is not required to admit or deny the allegations set forth in paragraph 9 of the Complaint for the reason that it merely sets forth Plaintiff's consent to the entry of final order or judgment by this Court. Defendant also consents to the entry of final order or judgment by this Court.

10. Defendant admits the allegations set forth in paragraph 10 of the Complaint.

11. Defendant admits the allegations set forth in paragraph 11 of the Complaint.

**Parties**

12. Defendant admits the allegations set forth in paragraph 12 of the Complaint.

13. Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14. Defendant admits the allegations set forth in paragraph 14 of the Complaint.

15. Defendant admits the allegations set forth in paragraph 15 of the Complaint.

16. Defendant admits the allegations set forth in paragraph 16 of the Complaint.

17. Defendant admits the allegations set forth in paragraph 17 of the Complaint.

18. Defendant admits the allegations set forth in paragraph 18 of the Complaint.

19. Defendant is not required to admit or deny the allegations set forth in paragraph 19 of the Complaint for the reason that it merely states the relief sought by the Plaintiff. However, for purposes of this response, admits same as to Defendant only.

20. Defendant is not required to admit or deny the allegations set forth in paragraph 20 of the Complaint for the reason that it merely states the relief sought by the Plaintiff. However, for purposes of this response, admits same as to Defendant only.

## Factual Background

21. Defendant is not required to admit or deny the allegations set forth in paragraph 20 of the Complaint for the reason that it recites a stipulation between the Official Committee of Unsecured Creditors (the "OCUC") and the Debtors as approved by this Court. However, for purposes of this response, denies same.

22. Defendant admits the allegations set forth in paragraph 22 of the Complaint.

23. Defendant admits the allegations set forth in paragraph 23 of the Complaint.

24. Defendant admits the allegations set forth in paragraph 24 of the Complaint.

25. Defendant admits the allegations set forth in paragraph 25 of the Complaint.

26. Defendant admits the allegations set forth in paragraph 26 of the Complaint.

27. Defendant admits the allegations set forth in paragraph 27 of the Complaint.

28. Defendant admits the allegations set forth in paragraph 28 of the Complaint.

29. Defendant admits the allegations set forth in paragraph 29 of the Complaint.

30. Defendant admits the allegations set forth in paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant is not required to admit or deny the allegations set forth in paragraph 32 of the Complaint for the reason that it merely sets forth powers granted to the Trustee under the Plan. However, for purposes of this Answer, admits same.

33. Defendant admits the allegations set forth in paragraph 33 of the Complaint.

34. Defendant is not required to admit or deny the allegations set forth in paragraph 34 of the Complaint for the reason that it merely sets forth Plaintiffs position with regards to the assertion of additional claims. However, for purposes of this Answer, Defendant denies that any additional claims may be asserted as the deadline for such assertions has passed. Therefore, Plaintiffs are without legal authority to assert any additional claims against Defendant.

## Count One

### (Avoidance and Recovery of Actual Fraudulent Transfers Pursuant to 11 U.S.C. §§548(a)(1)(A) and 550(a))

35. Defendant incorporates the answers to paragraphs 1 – 34, supra, as if fully set forth herein.

36. Defendant admits that paragraph 36 of the Complaint accurately sets forth the provisions of Section 548(a)(1)(A) of the Bankruptcy Code but denies that it is applicable to the instant proceeding. Defendant denies all remaining allegations.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant admits the allegations set forth in paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in paragraph 41 of the Complaint.

<u>Count Two</u>

**(Avoidance and Recovery of Constructive Fraudulent Transfers
Pursuant to 11 U.S.C. §§548(a)(1)(B) and 550 (a))**

42. Defendant incorporates the answers to paragraphs 1 – 41, supra, as if fully set forth herein.

43. Defendant admits that paragraph 43 of the Complaint accurately sets forth the provisions of Section 548(a)(1)(B) of the Bankruptcy Code but denies it is applicable to the instant proceeding. Defendant denies all remaining allegations.

44. Defendant denies the allegations set forth in the paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47. Defendant admits the allegations set forth in paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in paragraph 49 of the Complaint.

<u>Third Claim for Relief – State Law Claim</u>

**(For Avoidance and recovery of Actual Fraudulent Transfers
Pursuant to California Civil Code 3439.04   (a)(1) and 3439.07(a)(1) and
Bankruptcy Code Sections 544(a), 550(a) and 551)**

50. Defendant incorporates the answers to paragraphs 1 – 49, supra, as if fully set forth herein.

51. Defendant admits that paragraph 36 of the Complaint accurately reflects the provisions as codified in California Civil Code Section 3439.04(a)(1) but denies that it is applicable to the instant proceeding. Defendant denies all remaining allegations.

52. Defendant denies the allegations set forth in paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in paragraph 54 of the Complaint.

55. Defendant admits the allegations set forth in paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in paragraph 57 of the Complaint.

58. Defendant admits that the Trustee has diligently conducted an investigation into the operations of Debtors but denies that he is entitled to damages from Defendant as alleged in paragraph 58 of the Complaint.

### Fourth Claim for Relief – State Law Claim

**(For Avoidance and recovery of Constructive Fraudulent Transfers Pursuant to California Civil Code §§343904(a)(2) and 3439.07(a)(1))**

59. Defendant incorporates the answer to paragraphs 1 – 58, supra, as if fully set forth herein.

60. Defendant denies the allegations set forth in paragraph 60 of the Complaint for the reason that the "applicable statute of limitations" is not defined therein.

61. Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in paragraph 65 of the Complaint.

## Defenses and Affirmative Defenses

66. Defendant incorporates the answers to paragraphs 1 – 65, supra, as if fully set forth herein.

67. Defendant is a charitable organization organized in the State of Oregon. It is recognized as a qualified charitable entity under Section 501(c)(3) of the Internal Revenue Service Code and a qualified charitable organization under Section 548(a)(2) of Title 11 of the United States Code. As a charitable organization, Defendant assists children, primarily female children, in Africa and India.

### Affirmative Defense: Good Faith and Reasonably Equivalent Value.

68. All transfers to Defendant by Debtors were made for a particular charitable purpose as determined by Debtors. Defendant therefore received the transfers in good faith and for a reasonably equivalent value from Debtors such as to bar recovery pursuant to 11 U.S.C. §548(a)(1)(A) and/or California Civil Code §§3439.04(a)(1) & (2) and 3439.07(a)(1).

### Affirmative Defense: Charitable Contribution Exception to 11 U.S.C. §548

69. Pursuant to 11 U.S.C. §548(a)(2), the transfer of funds by the Debtors to Defendant were charitable contributions and as such are not considered to be transfers in which the Debtors received less than a reasonably equivalent value. 11 U.S.C. §548(a)(2) states:

> (2) "A transfer of a charitable contribution to a qualified religious or charitable entity or organization shall not be considered to be a transfer covered under paragraph (1)(B) in any case in which –
>
> (A) The amount of that contribution does not exceed 15 percent of the gross annual income of the debtor for the year in which the transfer of the contribution is made; or
>
> (B) The contribution made by a debtor exceeded the percentage amount of gross annual income specified in subparagraph (a), if the transfer was consistent with the practices of the debtor in making charitable contributions. 11 U.S.C. §548(a)(2).

70. As the amount of each annual contribution was less than 15% of the Debtors gross annual income for the year in question, Defendant is not liable to Plaintiff for the transfers through and including the years 2013 and 2020, pursuant to 11 U.S.C. §548(a)(1)(B).

**Affirmative Defense: Earmarking.**

71. Defendant would submit that to the extent the transfers were "earmarked" by Debtors to be used by Defendant for a particular charitable purpose, Defendant was merely a conduit for the transfers and received little or no benefit from the transfers.

**Affirmative Defense: Statute of Limitations.**

72. As a separate affirmative defense Defendant would assert that Plaintiffs claims are barred by the applicable statute of limitations.

**Affirmative Defense: Good Faith.**

73. As a separate affirmative defense, Defendant would assert that Plaintiffs' claims are barred as Defendant acted in good faith and without fraudulent intent.

**Affirmative Defense: Solvency.**

74. As a separate affirmative defense, Defendant would assert that Plaintiffs were solvent on the date most, if not all, of the transfers occurred.

**Affirmative Defense: Failure of Consideration.**

75. As a separate defense, Defendant would assert that the Defendant never acquired rights in the asset allegedly transferred such that a transfer was never made by Debtors under California Civil Code Section 3439.06(d).

[Remainder of page left intentionally blank]

## Prayer for Relief

**WHEREFORE,** World's Children, Defendant herein, prays that this Court deny the relief sought by Plaintiffs in the Complaint, enter a take-nothing judgment in favor of Defendants, and for such other and further relief, at law and in equity, as this Court deems just.

Respectfully submitted this 17th day of October, 2022.

**Cooper & Scully, PC.**

By: *Julie M. Koenig*
Charles Bolcom
Julie M. Koenig
Attorney for Defendant,
World's Children

## Certificate of Service

I, Julie M. Koenig, the undersigned, hereby declare:
I am an attorney for World's Children, Defendant in the above-captioned Adversary Proceeding No. 22-03095, with offices at Cooper & Scully, PC, 815 Walker, Suite 1040, Houston, Texas 77002.

On October 17, 2022, I caused to be served the following documents in the manner stated below:

Defendant World's Children's Amended Answer to Complaint.

| | |
|---|---|
| ☒ | TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): The foregoing document was served by the court via NEF and hyperlink to the document. On **October 17, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below.<br><br>John D. Fiero on behalf of Plaintiff Michael Goldberg<br>jfiero@pszjlaw.com, ocarpio@pszjlaw.com |
| ☐ | (BY OVERNIGHT DELIVERY) By sending by FedEx and/or USPS Express Mail to the addressee(s) as indicated on the attached list. |

| | |
|---|---|
| ☐ | (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☐ | (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 17, 2022, at Houston, Texas.

/s/ *Julie M. Koenig*
Julie M. Koenig

Page **10** of **10**

Case: 22-03095 Doc# 8 Filed: 10/17/22 Entered: 10/17/22 11:49:25 Page 10 of 10